# Staunton

ISAAC POWERS v. NOAH SUTHERLAND, ET ALS.

September 17, 1931.

Present, Prentis, C. J., and Campbell, Epes, Hudgins and Gregory, JJ.

The opinion states the case.

*S. H. & George C. Sutherland,* for the appellant.

*Quillen & Quillen,* for the appellees.

GREGORY, J., delivered the opinion of the court.

The appellant, Isaac Powers, is complaining of a final decree entered in a general creditors' suit which had been instituted against his wife, Rosa Powers, and wherein he claims that his curtesy interest in a tract of eighty-nine acres was illegally sold.

In 1925, Noah Sutherland instituted a general creditors' suit against Rosa Powers and C. W. Fletcher and in that suit he sought to enforce a judgment he had obtained against them. Fletcher owned no real estate but Rosa Powers owned the eighty-nine acre tract as well as two other parcels of land. The appellant was named a party defendant in the prayer of the bill, but there were no allegations against him in the bill nor was there any relief sought of him.

Later, the bill was taken for confessed as to all of the defendants, including the appellant and the cause was referred to a commissioner for report as to certain inquiries. Among them the commissioner was directed to report to the court all of the lands owned by Rosa Powers and C. W. Fletcher. In this decree of reference no mention was made of the appellant and no inquiries directed as to any land or interest in land he might have had, nor any liens against him. He was in no manner affected by this decree.

The commissioner reported various liens, some against the appellant and others against Rosa Powers and Fletcher. He also reported the eighty-nine acres as belonging to Rosa Powers and that the appellant had no real estate. Inasmuch as the commissioner was not directed in the decree of reference to make any report of any lands belonging to appellant or of any liens against him, the report to this extent was beyond the authority of the commissioner.

The report was confirmed and the land of Rosa Powers was ordered sold. Nothing further was done until 1929, when a supplemental bill was filed in which it was alleged

that Rosa Powers had departed this life, intestate, leaving seven heirs therein named and her husband, the appellant. It was further alleged that the estate of Rosa Powers had been committed to the sheriff as administrator and that his accounts as such should be settled in the suit. There was no allegation in this supplemental bill against the appellant and no relief sought of him.

A decree was entered reviving the suit against the administrator of Rosa Powers and her heirs and the cause was again referred to a commissioner "to take, state, and report an account of all the liens against the lands owned by said Rosa Powers at the date of her death and also against the other defendants named in the original bill * * * ."

The commissioner filed his report of the lands owned by Rosa Powers at the date of her death and the liens thereon. He also reported that the appellant was the owner of a one-third undivided interest in said lands, including the eighty-nine acre tract, for his life.

Later a decree was entered directing a special commissioner to sell, not only the lands of which Rosa Powers died seized and possessed but also the real estate owned by the appellant as shown by said report which was his curtesy, notwithstanding the fact that the appellant's creditors had not sought to subject his curtesy to the payment of his debts, either in the original or supplemental bill. This special commissioner reported that he did "on the 8th day of March, 1930, offer for sale said land *of Rosa Powers* and *sold the same* to G. W. Kiser at the price of $725.00 * *." It is quite significant that in this report the special commissioner does not report that he sold the curtesy of the appellant and to this extent the decree was not complied with. It does not appear in any of the decrees or reports that the curtesy was ever sold. This last report was confirmed by decree of May 6, 1930.

On May 27, 1930, the court, on motion of counsel for

Kiser, the purchaser, ordered the clerk to issue a writ of possession against the appellant who was in possession of the land. This writ was issued and served upon him and under it he was evicted of the eighty-nine acres in which he had curtesy. Up until the time of the issuance of the writ of possession the appellant's curtesy had not been involved in any of the proceedings nor had he been disturbed in its enjoyment.

On September 2, 1930, appellant filed what he styled an answer in the cause. In it he asserts his right to curtesy in the lands sold to Kiser; avers that no curtesy had been assigned him and that his right to it had not been relinquished or barred. He asks that the attempted sale of this curtesy be set aside and that his interest be protected and if necessary that his answer be treated as a cross bill.

Counsel for Kiser then made a motion to strike out this answer because it was not filed in time. He also based his motion on the fact that appellant had been made a party defendant in both bills and knew of all the proceedings as they progressed. He claimed that the failure to assign curtesy to appellant could not prejudice him because the record shows that the debts reported against him aggregate an amount in excess of his curtesy. The court sustained the motion of counsel for Kiser and by its decree of September 17, 1930, refused to permit the appellant's answer to be filed because it had not been tendered in time. In this last decree the court ordered the cause to be again referred to a commissioner for the purpose of computing the curtesy interest of the appellant in the funds arising from the sale of the said lands, in order to apply the same to his debts which had been reported to the court. In effect this decree takes from the appellant his curtesy, commutes it in the fund paid by Kiser and directs that it be applied to his debts when in fact it (the curtesy) was not involved or embraced in the pleadings in the cause.

■ We think that the decree is erroneous and that Kiser, the purchaser, is the owner of the eighty-nine acre tract subject to the appellant's curtesy.

The right to subject the appellant's curtesy to the payment of his debts has never been properly before the court.

The purpose of the original and supplemental bills was to subject the lands of Rosa Powers to the payment of her debts. These bills contained no allegations against the appellant and no relief was asked of him. When Rosa Powers died intestate her lands descended to her seven children (one of whom was an infant) subject to the curtesy of the appellant. When the suit was revived and her administrator and her seven children were brought in as defendants the complainants could, under the pleadings, subject only the interest in the lands in question which had been inherited by the children, leaving undisturbed in appellant his curtesy. The appellant's interest was brought to the attention of the court in the second commissioner's report but instead of allotting to him his curtesy, the court ordered the sale of it and the lands which had been inherited by the children. But as above stated only the interests of the children were sold to Kiser by the special commissioner, leaving the curtesy unsold and he reported this fact to the court. His report was confirmed by decree.

■ The owner of a substantial interest in real estate cannot be deprived thereof, by his creditors, except through the orderly process of the courts.

■ In *Linkous* v. *Stevens*, 116 Va. 898, 910, 83 S. E. 417, 420, Judge Cardwell said: "In *Reynolds* v. *Stockton*, 43 N. J. Eq. 211, 10 Atl. 385, 3 Am. St. Rep. 307, which is a well considered case, it is held that the matter in controversy is that exclusively which is presented by the pleadings and the issue framed thereby; and that a decree which is entirely aside of the issue raised in the record is invalid and will be treated as a nullity, even in a collateral proceeding."

██ That part of the decree which is beyond the pleadings filed and the issues raised therein is void whether the appellant filed an answer or not. This is true even though it be considered that the decree is being attacked collaterally. *Linkous* v. *Stevens, supra.* While appellant may have failed to tender his answer in time, this failure could not render the decree valid. The decree, so far as the appellant is concerned, being void he has the right to attack it for the first time in this court, and even though what he styled as an "answer" be not considered as an attack on the decree in the court below, yet he is now in this court making an attack on that decree as void, and we think that in so doing, he is within his rights.

█ Our conclusion is that the curtesy was not sold and under the pleadings it could not have been sold. It follows that that part of the decree which deprives the appellant of his curtesy is void because it was not embraced in the pleadings nor involved in the litigation.

█ Another serious defect in the proceedings had is that the court directed by the decree complained of that the appellant's curtesy be commuted without first obtaining his consent and without complying with section 5133b of the Code. Compliance with this section is indispensable when curtesy is to be commuted. It provides that in any case in which provision is made for commutation in money of a life estate where any of the parties interested are under disability the court, or the judge in vacation, may upon application of the guardian, committee or trustee of such person, on behalf of his ward and upon hearing evidence satisfactory to such court or judge, enter an order authorizing such guardian or committee to consent on behalf of such person under disability to such commutation.

In the cause now before us Beulah Powers, the youngest child of Rosa Powers, was an infant. Her guardian, if one had qualified for her, did not make application to the court,

or the judge in vacation, for authority to consent to the commutation of the appellant's curtesy. The statute in question not having been complied with and the appellant not having consented to commutation of his curtesy, the court had no power to direct that it be commuted.

The appellees contend that the appellant has waived his right to curtesy. They base the waiver upon the conduct of the appellant. He signed the notes given by Kiser for the deferred payments as a joint maker and after the sale and the writ of possession had been executed he leased from Kiser a portion of the land for some three months. Neither of these acts is inconsistent with his right to assert his curtesy. In signing the deferred purchase money notes the parties may have intended that he be bound as surety for Kiser in the purchase of the interest of the heirs of Rosa Powers. Only their interest as heirs was sold to Kiser.

The burden was upon Kiser to prove the waiver. It was his duty to prove clearly that the appellant, with full knowledge of his rights, intentionally waived them. The record fails to show that the appellant had knowledge of his rights or that he intentionally waived them.

Kiser was charged with notice of the proceedings had in the cause and if he had examined them he would have learned that the court not only did not sell the curtesy, but that it could not have sold it under the pleadings. He would have learned from his examination of the proceedings that the court sold only the interests of the heirs of Rosa Powers in the land. The doctrine of *caveat emptor* applied to him in making his purchase.

The decree of September 17, 1930, complained of is reversed and the cause remanded for further proceedings therein not in conflict with the views herein expressed.

*Reversed.*