# Richmond

W. STORTS SWITZER v. CRAWFORD K. SWITZER, ET ALS.

November 12, 1936.

Present, All the Justices.

The opinion states the case.

*John D. White* and *W. B. Timberlake, Jr.*, for the appellant.

*Edward C. Martz, Herbert W. Wyant* and *Conrad & Conrad*, for the appellees.

Browning, J., delivered the opinion of the court.

This is a suit instituted in December, 1933, to set aside a deed from Cornelia S. Burkholder to Mary Switzer Lincoln, dated December 15, 1924, and recorded on that date, which purported to convey to the grantee valuable real estate located in the city of Harrisonburg, Virginia.

A recital in the deed was to the effect that it not only vested in the grantee the life interest of the grantor but it was a designation of the grantee, by the grantor, as her appointee, to take the fee in the property, under the terms of the will of D. M. Switzer, deceased.

D. M. Switzer died seized and possessed of the said real estate. He devised the life estate therein to his daughter, Cornelia S. Burkholder, and clothed her with the power to appoint, by deed or will, such of her nephews or nieces, as she might choose, to whom the property should pass or descend in fee simple at her death and in the event of her failure to make such appointment or designation the property should pass to all of her nephews and nieces in equal shares.

The plaintiff is a nephew of Cornelia S. Burkholder and is one of the six nephews and nieces who would take the property if there were no appointment under the will.

The plaintiff was a brother of Mary S. Lincoln, now dead, who was the appointee of his aunt, Mrs. Burkholder.

Some years after the death of D. M. Switzer, Mrs. Burkholder executed the deed in question and on the same date her grantee, Mary S. Lincoln, and her husband, conveyed the property to Charles F. Coffman for the consideration of $20,000, of which $5,000 was cash and the residue was represented by fifteen bonds of $1,000 each, secured by deed of trust on the property. By subsequent deeds Warner

Bros. Theatres Inc. became the owner of the property. The trial court decreed that it was a purchaser for value and without notice of the claim or alleged rights of the complainant and that its fee simple title was not affected thereby. The soundness of this ruling is now conceded by the complainant and it is manifestly correct.

The complainant alleged in his original bill that the deed to his sister, Mrs. Lincoln, was void and of no effect because it was in fact a part of the effectuation of a sale of the property by Mrs. Burkholder to Coffman, which transcended her authority under the Switzer will, and this being so, there was no valid exercise of the power of appointment, and the property descended to himself and the other nephews and nieces of Mrs. Burkholder, she being dead at the time of the institution of this suit.

Thereafter an amended bill was filed by the complainant because the defendant's demurrer to the original bill was sustained. Substantially the same facts were alleged, but the specific charge was made that Mrs. Burkholder was guilty of fraud in that she secured large pecuniary benefits from the sale to Coffman. It was further contended that the death of Mrs. Lincoln in the lifetime of Mrs. Burkholder invalidated the appointment. This contention and that of the invalidity of the deed to Mrs. Lincoln were abandoned by the complainant in his petition for appeal but he adhered to his charge that the appointment was fraudulent and its effect was to deprive him of a *pro rata* interest in the property. Both of the bills prayed specifically that the Burkholder-Lincoln deed be set aside and concluded with a prayer for general relief.

The complainant's case is epitomized in his petition for appeal under the following items enumerated:

"(1) Cornelia Burkholder profited personally by the exercise of the power, (2) by doing so she was guilty of fraud, (3) complainant is entitled to damages as result thereof, and (4) petitioner was not guilty of laches in asserting his rights."

The defendants, the representatives of the estate of Mrs. Burkholder upon whom the burden of the defense in this case is cast, contend that the complainant in the following

language quoted from his petition for appeal, admits the correctness of the decree appealed from:

"The complainant for the purpose of this appeal does not contend that the lower court erred in refusing to hold the deed from Cornelia S. Burkholder to Mary Lincoln void and of no effect, the specific relief prayed for in the original and amended bills of complaint. He feels and believes that under the authorities presented to the lower court, the fact that Mary Switzer Lincoln died prior to the death of Cornelia Burkholder does not in itself prevent the appointment from taking effect, furthermore, complainant recognizes that, in the absence of any evidence showing knowledge on the part of Warner Brothers Theatres, Inc., that the transaction between Cornelia Burkholder and Mary Lincoln was tainted with fraud, the title to the said Warner Brothers Theatres, Inc., to the real estate involved should not be interfered with."

It is urged that the complainant made one case before the trial court by his pleadings (bills) and quite another in this court by his petition for appeal; that he is asking this court "to reverse the decree of the lower court, on a point as to which there was no ruling or judgment of the lower court, as to which no issue was addressed and toward which no evidence was directed."

The relief alone that was sought was the specific relief that the deed referred to be set aside. No relief of any nature was asked under the prayer for general relief.

The record affords not the slightest suggestion that the trial court was ever called upon "to take cognizance of the alleged fraudulent exercise of the power of appointment by Cornelia Burkholder and award money damages to him against her estate," were it shown that such damage existed. The most technical scrutiny of the bills does not disclose any allegation appropriate as a basis for the character of relief now sought. No legal step was taken in the lower court to secure such relief or that pointed to an intention to do so.

As our mind is now engaged it is apposite to here quote what this court said upon a related subject in the case

of *Potts* v. *Mathieson Alkali Works*, 165 Va. 196, 181 S. E. 521, 527:

"A fundamental weakness of complainant's pleadings in this case, at this time, results from the obvious fact that it began this litigation upon one theory and now seeks to maintain it with the same pleadings, upon an entirely different theory."

This seems to us to be precisely what the complainant in this case has done and we cannot approve it without manifesting what Judge Burks, in *Hurt* v. *Jones*, 75 Va. 341, 351, 352, denominated: "A total disregard of the plainest and most essential principles of pleading, * * * ."

It was further said in the case of *Potts* v. *Mathieson Alkali Works, supra:*

"The basis of every right of recovery under our system of jurisprudence is a pleading setting forth facts warranting the granting of the relief sought. It is the *sine qua non* of every judgment or decree. No court can base its decree upon facts not alleged, nor render its judgment upon a right, however meritorious, which has not been pleaded and claimed. *Blizzard* v. *Salyer*, 125 Va. 604, 100 S. E. 454. Pleadings are as essential as proof, the one being unavailing without the other. A decree cannot be entered in the absence of pleadings upon which to found the same, and if so entered it is void."

See also, *Sanitary Grocery Co.* v. *Wright*, 158 Va. 312, 163 S. E. 86; *Powers* v. *Sutherland*, 157 Va. 336, 160 S. E. 57.

In the case of *Dobie* v. *Sears, Roebuck & Co.*, 164 Va. 464, 180 S. E. 289, 293, this court said through Justice Hudgins upon the subject we are considering:

"(9) A party seeking equitable relief is entitled to any relief which the material facts and circumstances put in issue by the bill may sustain, but such relief must be consistent with the pleadings and the prayer. See *James* v. *Bird's Adm'r*, 8 Leigh (35 Va.) 510, 31 Am. Dec. 668.

"In *Hurt* v. *Jones*, 75 Va. 341 (352) relief was requested which was not included within the bill or the prayer. Judge

Burks, in disposing of the case, said: 'Extending to the appellees all the indulgence which the most liberal rules of practice at this day would warrant, it is impossible, without a total disregard of the plainest and most essential principles of pleading, to grant them the special relief now prayed at the bar, but not in the bill, even if we thought them entitled to it in a proper case, as to which we express no opinion.

* * * * *

" 'In *Hiern* v. *Mill*, 13 Ves. R. 114 (cited in 1 Dan. Ch. Prac. 380), Lord Eldon said: "The rule is, that if the bill contains charges, putting facts in issue that are material, the plaintiff is entitled to the relief which those facts will sustain, under the general prayer; but he cannot desert the specific relief prayed and under the general prayer ask specific relief of another description, unless the facts and circumstances charged by the bill will consistently with the rules of the court, maintain that relief."

" 'The test of the relief to be granted is not the case proved but the case stated in the bill upon which the issue is made up.' "

See also, *Winston* v. *Winston*, 144 Va. 848, 856, 130 S. E. 784.

The defense of *laches* was also interposed by the defendants.

They urged also that the complainant failed to prove the allegations of fraud upon the part of Mrs. Burkholder or that she profited by the sale of the property to Coffman to any greater extent than she was entitled.

It is unnecessary for us to notice these defenses as we think the decree of the trial court was plainly right for the reasons we have already assigned.

We affirm the said decree.

*Affirmed.*