## Richmond

TERRY MATTHEWS v. COMMONWEALTH OF VIRGINIA.

October 10, 1975.

Record No. 741242.

Present, All the Justices.

*Archie L. Boswell,* for plaintiff in error.

*Wilburn C. Dibling, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

POFF, J., delivered the opinion of the court.

Upon petitions filed January 20, 1974, Terry Matthews, then 17 years old, was charged in the Juvenile and Domestic Relations District Court (hereafter, juvenile court) with robbery and malicious wounding committed the preceding night. By orders entered March 6, 1974, the juvenile court "certified" him for trial as an adult in the circuit court. On April 18, 1974, the circuit court entered judgment

on the jury's verdict convicting him of both offenses and sentencing him to the penitentiary for a total of 13 years.

Defendant made a motion to set aside the judgment order on the ground that the circuit court was without jurisdiction to try him as an adult. On August 27, 1974, more than 21 days after entry of the judgment order, the circuit court entered an order overruling that motion. On appeal, the Commonwealth contends that, under Rule 1:1, the circuit court had lost jurisdiction to enter the August 27, 1974, order and that, since defendant's notice of appeal and assignments of error was filed on September 4, 1974, more than "thirty days after entry of final judgment", Rule 5:6, and his petition for a writ of error was filed on December 23, 1974, more than "four months since the date of such final judgment", Code § 8-489 (Cum. Supp. 1975), this Court is without jurisdiction to consider the appeal. Because we believe that the circuit court was without jurisdiction to try defendant as an adult and that the April 18, 1974 judgment order was void, we reject the Commonwealth's contention. Our holding in *Cofer v. Cofer*, 205 Va. 834, 837, 140 S.E.2d 663, 665-66 (1965) is controlling:

> "[The 21-day] rule is not a limitation on the power and authority of the court to vacate a void order. It is well settled that a void decree or order is a nullity and may on proper application be vacated at any time." (Citations omitted).

*See also, Powers v. Sutherland*, 157 Va. 336, 343, 160 S.E. 57, 59 (1931).

Here, as in *Cofer*, the appeal is not taken from the void order, but from a subsequent order refusing to vacate that order. Because the appeal from the order of August 27, 1974, was perfected within the prescribed period, this appeal is properly before the Court.

"[B]efore the circuit court could acquire jurisdiction to try [defendant] there must have been compliance with the provisions of the Juvenile and Domestic Relations Court Law." *Peyton v. French*, 207 Va. 73, 80, 147 S.E.2d 739, 743 (1966). Code § 16.1-176 (Repl. Vol. 1960) providing for certification of a juvenile for trial as an adult was amended effective July 1, 1973. Code § 16.1-176 (Cum. Supp. 1975). This amendment was effective more than nine months before the offenses charged in the indictments were committed. Yet, as the record makes unmistakably clear, defendant's transfer for trial as an adult was processed under the old statute without compliance with the provisions of the new statute.

Thus, in both of its orders entered March 6, 1974, the juvenile court found that "an investigation . . . has been made by the Probation Department of this Court in compliance with the provisions of Section 16.1-176(b) of the Code of Virginia". Code § 16.1-176(b) (Repl. Vol. 1960) provided for such an investigation; Code § 16.1-176(b) (Cum. Supp. 1975) does not.[1]

The report of the investigation to which the juvenile court had reference was entitled, "PRE-HEARING INVESTIGATION MADE PURSUANT TO SECTION 16.1-176(b) OF THE CODE OF VIRGINIA AND CERTIFIED TO THE CIRCUIT COURT OF THE CITY OF NORFOLK".

Before evidence was received at trial, the circuit court announced in chambers that "it further appears that the required Report of investigation . . . was prepared by the Probation Department of the Juvenile and Domestic Relations Court, pursuant to § 16.1-176(b) of the Code of Virginia, as amended".

In the April 18, 1974, judgment order, the circuit court identified the investigation in the same manner.

From our examination of the original "certification" orders, it appears that these inaccurate references stemmed from the use of printed forms prepared under the old statute. These errors cannot, however, be dismissed as harmless, for the record further reveals fatal noncompliance with certain specific provisions of the new statute. Code § 16.1-176(a)(4) (Cum. Supp. 1975) requires as a condition to transfer that a juvenile court make four specific findings of fact, viz., that:

"...

"(i) There is probable cause to believe that the child committed the delinquent act alleged;

"(ii) The child is not amenable to treatment or rehabilitation as a juvenile through available facilities, considering such factors as the nature of the present offense, the nature of the child's prior delinquency record, the nature of past treatment efforts, and the nature of the child's response to past treatment efforts;

"(iii) The child is not committable to an institution for the mentally retarded or mentally ill; and

"(iv) The interests of the community require that the child be placed under legal restraint or discipline."

---

[1] The requirement of an investigation is now contained in Code § 16.1-176(c) (Cum. Supp. 1975).

Neither the juvenile court nor the circuit court made any such findings of fact.[2] Consonant with our holding in *Peyton* v. *French, supra,* the new statute provides that "[n]o child . . . shall be prosecuted in the court of record . . . unless the case has been transferred or removed as provided in this section . . . ." Code § 16.1-176(f) (Cum Supp. 1975). We hold that the findings required by the transfer statute are jurisdictional and that, because neither the juvenile court nor the circuit court made such findings, the circuit court was without jurisdiction to try defendant as an adult. We need not, therefore, consider the questions raised by defendant's other assignments of error.

The order entered August 27, 1974, is reversed; the judgment order entered April 18, 1974, is vacated; and the case is remanded for a new trial of defendant as an adult under new indictments, if the Commonwealth be so advised.

*Reversed and remanded.*

---

[2] Although the probation report, filed in the juvenile court and incorporated in the record by the circuit court, said that the juvenile was "not amenable to treatment or rehabilitation as a juvenile" and that his "commitment to a mental institution would not be advisable", Code § 16.1-176(c) (Cum. Supp. 1975) provides that "[t]he Court shall not consider the report required in this subsection until a finding has been made on item (i) of such subparagraph (4)."