In the Interest of JOHN DOE, born on April 3, 1958, Juvenile-Appellant

NO. 6262

DECEMBER 28, 1976

RICHARDSON, C.J., KOBAYASHI. OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* This appeal is from an order of the family court which, pursuant to HRS § 571-22, waived jurisdiction and ordered a minor held for criminal proceedings with respect to an alleged burglary committed after his 16th birthday. Appellant has moved for a stay of execution of the family

---

[1] After January 1, 1977, such proceedings will be governed by Rule 40, Hawaii Rules of Penal Procedure.

court order, so as to prevent his indictment and trial during the pendency of the appeal.

Appellant was born on April 3, 1958 and became an adult on his 18th birthday, April 3, 1976. The alleged offense was committed on March 8, 1976. Although appellant is no longer a minor, the exclusive original jurisdiction of the family court continues with respect to the alleged offense, pursuant to HRS § 571-11(1), unless validly waived. The waiver order is appealable. *In re John Doe I*, 50 Haw. 537, 444 P.2d 459 (1968). The pendency of the present appeal does not stay the enforcement of the waiver order appealed from, unless otherwise ordered by this court.[1] HRS § 571-54.

This court has expressed its agreement with the holding of the United States Supreme Court in *Kent v. United States*, 383 U.S. 541 (1966), that "waiver of jurisdiction is a 'critically important' action determining vitally important rights of the juvenile". *In re John Doe I*, 50 Haw. 620, 623, 446 P.2d 564, 567 (1968). The "vitally important" right involved is the juvenile's right to be treated as a juvenile both in court and after adjudication. *In John Doe I*, we rejected the argument that a waiver of jurisdiction of a minor by the family court should be reviewed only on an appeal from a subsequent conviction in the criminal court, pointing out that if the minor must stand trial as an adult before appellate review of the waiver order is had, "the right to such review is a hollow one, for, by then, many of the safeguards, including freedom from adverse publicity, would be irretrievably lost." *Id.* at 539.

---

[1] If the appeal were from a judgment of conviction of a penal offense, the filing of the notice of appeal would operate as a stay of execution. HRS § 641-14. If the proceeding were one governed by Rule 62, H.R.C.P., appellant could obtain a stay by filing a supersedeas bond. Appellant argues that the failure of the legislature to provide an automatic stay upon appeal from an order of the family court offends his constitutional right to equal protection of the law. However, the special considerations applicable to the treatment of minors in family court proceedings provide a rational basis for the difference in treatment of such appeals by the legislature. The waiver proceeding does not involve adjudication, or even consideration, of the guilt or innocence of the accused, and a waiver order is not the functional equivalent of a sentence or order of probation by a criminal court. Appellant has no constitutional right to a stay in this case. *Cf. In the Interest of Kelly*, 236 N.W.2d 50 (Iowa 1975).

Appellant contends that his appeal to this court for reversal of the waiver order will not preserve to him the safeguards of the family court system, if during the pendency of his appeal he is subjected to public indictment and trial in the adult system. The logic of our holding in *John Doe I* supports the motion for a stay of execution. The threat to appellant is the same, whether it is the lack of a stay of execution, rather than the lack of a direct avenue of appeal, which may cause the appellant to be subjected to criminal prosecution before review of the waiver order can be had.

We must also give consideration to the problems which will be presented if we reverse the waiver order without having stayed its execution and if appellant is tried and convicted in the criminal court during the pendency of his appeal. In most such cases arising in other jurisdictions, the appellate court which has reversed the waiver order has also vacated and set aside the judgment and sentence of the criminal court on the ground that it was without jurisdiction to hear the case. *Matthews v. Commonwealth*, 216 Va. 358, 218 S.E.2d 538 (1975); *R.E.M. v. State*, 532 S.W. 2d 645 (Tex. Civ. App. 1975); *Rice v. State*, 311 So.2d 193 (Fla. App. 1975); *Seay v. State*, 337 N.E. 2d 489 (Ind. 1975); *Aye v. State*, 299 A.2d 513 (Md. 1973). "The jurisdiction of an adult criminal court to try a juvenile as an adult is predicated on the proper certification (waiver) of the juvenile by the juvenile court." *Powell v. Hocker*, 453 F.2d 652, 653 (9th Cir. 1971). These problems are compounded if the minor has not only been tried and convicted in criminal court but has served his sentence before the appellate court reverses his waiver order. It has been held that the minor, in such a case, may not be retried. *Kemplen v. State of Maryland*, 428 F. 2d 169 (4th Cir. 1970).

It is apparent that a stay of execution of a family court order waiving jurisdiction of a minor, pending the minor's appeal, should ordinarily be granted to protect the fundamental fairness and efficiency of the judicial process. In his instant motion, appellant contends that the stay should be granted automatically, upon application to this court. How-

ever, the motion is addressed to our discretion, under HRS § 571-54, and we may deal with it summarily as requested only if convinced that there are no circumstances in which countervailing interests might prevail. We must recognize the interest of society in avoiding delay in bringing offenders to trial, which interest is entitled to protection, at least to the extent of avoiding inducement of unmeritorious appeals whose principal purpose is to delay trial. We must also be attentive to the possible consequences of leaving the accused under the jurisdiction of the family court, which may have neither appropriate detention facilities nor power to release on bail. We conclude that a stay of a waiver order may be granted only after the family court or this court has weighed the opposing interests in the proper exercise of judicial discretion.

In *A.J. v. Presley*, 234 So.2d 660 (Fla. 1970), consideration was given to the standards which should govern the court's discretion to suspend the effect of a family court order adjudicating a minor to be delinquent and remanding him to a juvenile detention facility. It was held that the juvenile court judge might grant such a release during a valid appeal taken in good faith, under reasonable conditions, and if the court found that the release would not be detrimental to the child or to society. The standards which were directed to be applied were those applicable to admission to bail pending appeal from a criminal conviction. With respect to the quality of the appeal, the standard so adopted was that the appeal be found to have been "taken in good faith, on grounds not frivolous but fairly debatable", as expressed in *Younghans v. State*, 90 So.2d 308, 310 (Fla. 1956).

We consider it appropriate to extend the rationale of the Florida court to cases like that before us. We conclude that the court to which an application is made under HRS § 571-54 for a stay of execution pending appeal of a waiver order must examine the questions presented by the appeal and, in its discretion, may deny the application where the appeal is found to be not in good faith or not fairly debatable. The court

may also deny the stay where the effect of a stay would be to present a danger to the community.[2]

Appellant has presented his motion on the theory that the questions presented by his appeal should not be considered. We are told only that he intends to raise "a number of issues . . . which have not been ruled on by the Hawaii Supreme Court." Until we know what questions will be presented, we cannot determine whether the appeal is frivolous or fairly debatable. Consequently, the motion which is before us must be denied.

The motion for a stay of execution is denied.

*Anson O. Rego* for Juvenile-Appellant.

*Michael A. Lilly*, Deputy Attorney General, for State of Hawaii.

---

[2] *Cf. Harris v. U.S.*, 404 U.S. 1232 (1971); *Leary v. U.S.*, 431 F.2d 85 (5th Cir. 1970); *U.S. v. Quicksey*, 371 F.Supp. 561 (D.C.W.Va. 1974); *U.S. v. Allen*, 343 F.Supp. 549 (D.C.Pa. 1972).