In the Interest of JOHN DOE, born on May 6, 1961, Juvenile-Appellant

NO. 7386

and

STATE OF HAWAII, Plaintiff-Appellee, *v.* ROY STEPHEN KANOELEHUA KUAHUIA, Defendant-Appellant

NO. 7467

SEPTEMBER 26, 1980

HAYASHI, C.J., PADGETT, J. AND CIRCUIT JUDGE KATO IN PLACE OF ASSOCIATE JUDGE BURNS, DISQUALIFIED

OPINION OF THE COURT BY PADGETT, J.

Appellant who was a juvenile, age 17 years at the time of the offense in question, was convicted as an adult of attempted rape after the family court waived its jurisdiction.

On appeal, he raises four points. First, he contends that the State's failure to file a petition for an adjudication hearing within seven days after his detention hearing violates Rule 135 of the *Hawaii Family Court Rules* (HFCR), and is jurisdictional and therefore, the case must be dismissed. We disagree. Second, he contends that the family court abused its discretion in denying his motion to stay the waiver pending appeal of the order waiving jurisdiction. We disagree. Third, he contends that the family court waiver proceeding was not based upon a full investigation as required by § 571-22, *Hawaii Revised Statutes* (HRS). We disagree. Fourth, he contends that the indictment below should have been dismissed because the rape statute was unconstitutional. We disagree.

On May 4, 1979, a jury found appellant guilty of attempted rape in the first degree and a judgment pursuant to that verdict was entered on June 27, 1979. The attempted rape occurred in Kailua, Oahu on November 6, 1978. By that point in his juvenile career, appellant had been charged with one assault, one escape and twenty-one felony counts — sixteen of which had occurred in 1978 and were pending in Hilo. These latter included four counts involving the use of force against persons. On November 20, 1978, an order to show cause hearing for the continued detention of the minor was commenced. It was continued without objection of counsel to November 27, 1978 when after hearing, the court ruled that the appellant should be held in detention pending further court hearing.

Rule 135, HFCR, provides that a petition for an adjudication hearing shall be filed within seven days after the initial detention hearing but no such petition was filed until December 11, 1978. A petition for waiver of family court jurisdiction was filed December 21, 1978 and after a lengthy hearing on February 20, 1979, the court below orally granted the petition. The oral findings with respect thereto appear *in extenso* in the court's minutes in the record. In the course of the same hearing, the court orally denied appellant's written motion to dismiss the petition filed February 15, 1979 and appellant's oral motion for reconsideration of the waiver and for a stay of proceedings. Again, the oral findings and the

reasoning of the court on these matters was set forth *in extenso* in the court's minutes in the record. Later the same day, an order granting the petition for waiver of family court jurisdiction was entered. It contained seven findings of fact and two conclusions of law. Subsequently, a notice of appeal was filed and thereafter, in June, 1979, a written order denying the motion to dismiss, for reconsideration, and for stay was entered and a new notice of appeal filed.

Appellant was indicted for, tried and convicted of the offense of attempted rape.

Appellant's first contention is that Family Court Rule 135 was violated, in that no petition for an adjudication hearing, as defined in those rules, was filed within seven days of the detention hearing and that therefore, the court below lacked jurisdiction to enter the waiver order and the proceeding should be dismissed. Rule 135[1] was not literally complied with and no excuse has been offered for the failure to do so. From the record it appears the police department did not refer the case to the Family Court until December 8th, after the seven-day period had run. The reason for the delay is not of record.

However, as the court below pointed out, the detention hearing clearly notified appellant and his attorney who was

---

[1] At the detention hearing, the court may admit any testimony and other evidence relevant to the necessity for detaining the child, including the report of investigation required by Rule 134. Any written reports or social records made available to the court at the hearing shall be made available to the parties at or before the hearing, provided that the judge may withhold such material from the child if he reasonably believes that to do so would be in the best interest of the child. A copy of the petition, if one had been filed, but not yet served, shall be given to each of the parties at or before the hearing.

A detention hearing may be held without the presence of the child's parents, guardian or custodian if they cannot be located or refuse or neglect to attend.

At the conclusion of the hearing, the court shall order the child released from shelter care or detention, or it shall issue an order authorizing either shelter care or detention for up to seven days. If the child is not released and in the event that an adjudication hearing is to be scheduled, a petition shall be filed and the hearing thereon shall be held within the time set forth in Rule 137; provided, however, that the petition in such event shall be filed within seven days of the initial detention hearing, unless an extension of time is authorized by the judge.

present of the charges against him and accordingly, there was no prejudice to the defense by the delay in filing the charge.

Moreover, we are unwilling to hold that the final *proviso* in Rule 135 is a special seven-day statute of limitations. Just as compliance with the similar charge-or-release provisions of the *Hawaii Rules of Penal Procedure* (HRPP) is not jurisdictional, neither is Rule 135. The only case cited by appellant for the proposition that the failure to follow the provisions of the rule compels a dismissal is *Yager v. Liberty Royalties Corp.*, 123 F.2d 44 (10th Cir. 1941) and that case holds the opposite.

Appellant's second contention is that the court below erred in refusing to stay the proceedings until an appeal from the waiver order could be heard. He cites *In Re John Doe*, 57 Haw. 413, 558 P.2d 483 (1976). That case, however, expressly holds that a stay may be denied where its effect would be to present a danger to the community. The court below expressly held that the appellant presented such a danger and the record, by overwhelming evidence, supports that holding.

Appellant's third contention is that § 571-22, HRS, has not been complied with in that the full investigation required by that statute was not conducted. The record clearly shows that an order for examination was entered and a diagnostic team appointed. The court-appointed psychologist examined the appellant, found that there were no gross signs of organic impairment of function and, that he was not committable to an institution or mentally ill. The diagnostic team found that appellant should continue under judicial restraint for a period extending beyond the age of minority because of the seriousness of the alleged offense, the assaultive behavior exhibited in alleged law violations and within the facilities where appellant had previously been placed, the previous history of law violations against persons and the fact that the minor had gone through a waiver proceeding in September, 1978 and yet, within approximately seven weeks, was charged with a serious felony. The court below expressly took judicial notice of the record in the case and the contents of the family court's legal and social records. A more full blown investigation would be difficult to imagine.

The court below, in its order, made all of the findings required under § 571-22, HRS. The record supports those findings. Section 571-22, HRS, has been held to be constitutional. *State v. Stanley*, 60 Haw. 527, 592 P.2d 422 (1979).

The matter of what findings need be entered by the family court and what record will support such findings has been the subject of many cases in recent years. *In the Interest of John Doe*, 61 Haw. 48, 594 P.2d 1084 (1979); *In the Interest of John Doe*, 61 Haw. 167, 598 P.2d 176 (1979); *In the Interest of John Doe*, 61 Haw. 364, 604 P.2d 276 (1979); *In the Interest of John Doe*, 61 Haw. 561, 606 P.2d 1326 (1980); and *In the Interest of Jane Doe*, 62 Haw. 44, 610 P.2d 509 (1980).

That appellant, on or after his sixteenth birthday, was alleged to have committed a felony, that there was no evidence that he was committable to an institution for the mentally defective or retarded or the mentally ill, that he was not treatable in any available institution or facility within the State designed for the care and treatment of children or that the safety of the community required that appellant continue under judicial restraint for a period extending beyond his minority, which are the findings required for the waiver of jurisdiction under § 571-22, HRS, were all found by the court below and those findings are amply supported by the record.

Appellant's final point that the rape statute, under which he was convicted, is unconstitutional based on sexual discrimination was withdrawn at oral argument in light of *State v. Rivera*, 62 Haw. 94, 612 P.2d 526 (1980). There being no error, the order for waiver and the conviction are affirmed.

*Brian K. Yomono (Patricia McManaman* on the opening brief and *Michael K. Tateishi* on the reply brief), Deputy Public Defender, for juvenile-appellant and defendant-appellant.

*Kevin S. C. Chang*, Deputy Prosecuting Attorney, for plaintiff-appellee.