# CIRCUIT COURT OF THE CITY OF ROANOKE

Sandra Stowers Butterworth

v.

Roy Ernest Butterworth

April 2, 1987

Case No. CH79008577

By JUDGE CLIFFORD R. WECKSTEIN

This letter is written to memorialize the oral opinion I rendered in this case on April 2, 1987.

The Court's record in this case shows that, by decree entered on April 2, 1980, after a *pendente lite* hearing, this Court transferred to the Roanoke City Juvenile and Domestic Relations District Court "all future matters of custody, visitation, and child support." This decree was requested by counsel for the plaintiff, and "consented to" by counsel for the defendant. This order was entered pursuant to the provisions of Virginia Code § 20-79(c).

In a petition to correct an error in the final divorce decree, the defendant has alleged that the Roanoke City Juvenile and Domestic Relations District Court entered orders on June 19 and July 14, 1980, reducing the defendant's support payment obligations; the defendant has attached a photostatic copy of the District Court's orders.

This Court's record further shows that, on September 25, 1980, this Court entered a final decree of divorce containing the following language:

The Court further DECREES that the previous order of this Court entered April 2, 1980,

shall remain in full force and effect. Future matters of child support, custody and visitation, including enforcement and modification of the decree of this court as circumstances require, are transferred to the Franklin County Juvenile and Domestic Relations District Court pursuant to Virginia Code § 20-79(c).

The petition filed by the defendant in 1987 alleges that counsel for neither party had notice of the Juvenile and Domestic Relations District Court proceedings in July of 1980. The photostatic copy of the District Court's order reflects that the matter came on in that Court on a petition filed by Diane Brogan, who is the "support counselor" employed by that Court; the copy does not reflect the appearance of counsel in that Court. This Court, however, is without information, ability or jurisdiction in this proceeding to determine what transpired in that Court.

This Court is of the opinion that the Court, irrespective of the provisions of Rule 1:1, has the power, at any time, to vacate a void decree or order, or one that the Court had no jurisdiction to enter; such a decree or order is a nullity. *Cofer v. Cofer*, 205 Va. 834, 837, 140 S.E.2d 663 (1965); *Matthews v. Commonwealth*, 216 Va. 358, 359-61, 218 S.E.2d 538 (1975).

This Court further is of the opinion that once the Court transferred the matters of custody, visitation, and child support to the District Court pursuant to Code Section 20-79(c), this Court was without power or authority, *i.e.*, jurisdiction, to enter further orders on these subjects, except upon appeal from decisions of the District Court, taken pursuant to statute. That portion of the final decree of divorce which addressed child support, custody and visitation was not entered as a result of an appeal. That portion of the order, then, was a nullity, and this Court may vacate the void provisions at any time.

Therefore, proper application therefor having been made, due notice having been given, and hearing have been held, the Court will vacate so much of the final divorce decree of September 25, 1980, as directed that the April 2, 1980, order regarding custody, support and visitation remain in effect, and as purported to transfer

those matters to the Franklin County Juvenile and Domestic Relations District Court.

This Court further is of the opinion that the inclusion of language in the final divorce decree which addressed matters previously transferred to the Roanoke City Juvenile and Domestic Relations District Court properly comes within the ambit of Code Section 8.01-428(B), which provides that "clerical mistakes in all judgments... and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time. ..." The inclusion of the previously quoted language in the divorce decree, it seems to me, is very like the situation addressed by the Supreme Court in *Dorn v. Dorn*, 222 Va. 288, 279 S.E.2d 393 (1981). As "[a] court has the power to correct... ministerial omissions *nunc pro tunc* when the record clearly supports such corrections," *Cutshaw v. Cutshaw*, 220 Va. 638, 641, 261 S.E.2d 52 (1979) (citations omitted), so the Court must have the power to make other corrections of a ministerial nature when the record clearly supports such corrections. A correction to conform a latter order to reflect the transfer of authority made by a former order is in the nature of a ministerial act. In the opinion of the Court, the record requires a finding that the child support and transfer provisions included in the final decree can only have been included through oversight, and the record should be correct *nunc pro tunc*, as of September 25, 1980.

The petition which came on for hearing on April 2, 1987, requested this Court to incorporate, in a *nunc pro tunc* final decree, the July 14, 1980, order of the Roanoke City Juvenile and Domestic Relations District Court, and Mr. Weese orally requested that this Court determine that that order was the proper one to use in determining what support arrearages, if any, are owed by Mr. Butterworth. As I advised at the hearing, I am of the opinion that these questions lie solely within the jurisdiction of the District Court.