Present:  All the Justices

SANTOS PANAMENO

v.  Record No. 971361   OPINION BY JUSTICE ELIZABETH B. LACY
                            April 17, 1998
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

Santos Panameno seeks reversal of his convictions for rape and extortion because the order entered by the juvenile court transferring him to the circuit court for adjudication did not contain a finding that Panameno was competent and, therefore, Panameno contends that the circuit court did not acquire jurisdiction to try him as an adult.  We conclude that, when a defendant does not contest his competency to stand trial, Code § 16.1-269.1 does not require an explicit finding of competence by the transferring court and, therefore, we will affirm the judgment of the Court of Appeals.

In May 1995, petitions charging 17-year-old Panameno with two counts of rape and three counts of extortion were filed in the Arlington County Juvenile and Domestic Relations District Court.  Following a hearing, that court entered an order transferring Panameno to the Circuit Court of Arlington County for trial as an adult.  The order did not contain an explicit finding that Panameno was competent.  Panameno appealed the certification order.  Following a hearing, the circuit court

concluded that the transfer order substantially complied with § 16.1-269.1, and that it had jurisdiction over the matter.

The Commonwealth obtained indictments against Panameno. He entered a conditional plea of guilty on two counts of rape and one count of extortion but reserved the right to challenge on appeal his certification as an adult and the transfer of the case to the circuit court. The circuit court accepted Panameno's conditional plea and sentenced him to a four year indeterminate term. The Court of Appeals denied Panameno's petition for appeal. We awarded an appeal on a single issue: whether § 16.1-269.1 requires the juvenile and domestic relations court to make an explicit finding that the juvenile is competent before entering an order of transfer to the circuit court.

Prior to 1994, § 16.1-269 required that, in order to transfer a juvenile defendant to circuit court for trial as an adult, the juvenile and domestic relations court had to make a number of specific findings, including a finding that the juvenile was "competent to stand trial." If the juvenile and domestic relations court did not make this finding, the circuit court could not acquire jurisdiction over the juvenile. See, e.g., Matthews v. Commonwealth, 216 Va. 358, 361, 218 S.E.2d 538, 541 (1975)(interpreting former § 16.1-176 (repealed 1977), the predecessor of § 16.1-269).

2

Section 16.1-269 was repealed in 1994 and replaced with § 16.1-269.1, the statute applicable in this case. The current statute makes transfer of a juvenile to the circuit court "subject to the following conditions." As relevant here, one condition for transfer is that:

> 3. The juvenile is competent to stand trial. The juvenile is presumed to be competent and the burden is on the party alleging the juvenile is not competent to rebut the presumption by a preponderance of the evidence . . . .

§ 16.1-269.1(A)(3).

Panameno argues that pursuant to this section, a finding of competence must be made by the transferring court. However, the language in former § 16.1-269 directing the trial court to make specific findings before transferring a juvenile is not contained in the current section. By this deletion, the General Assembly has determined that, unless the competency of a juvenile is challenged, an explicit finding by the juvenile and domestic relations court that the juvenile is competent is not required. In this case, Panameno neither alleged that he was incompetent to stand trial nor did he present any evidence to that effect. Therefore, an explicit finding that Panameno was competent to stand trial was not required.

Accordingly, we will affirm the judgment of the Court of Appeals.

<u>Affirmed.</u>