IN THE INTEREST OF JOHN DOE I,
BORN NOVEMBER 2, 1948.

No. 4724.

November 1, 1968.

Richardson, C.J., Marumoto, Abe,
Levinson, JJ., and Circuit Judge
Wong Assigned by Reason of Vacancy.

OPINION OF THE COURT BY MARUMOTO, J.

Appellant is a minor, born November 2, 1948, who has been a dependent ward of the family court of the first circuit since July 1, 1966, and, prior thereto, a dependent ward of the juvenile court of the first circuit since May 7, 1965. On August 22, 1967, the family court entered an order waiving its jurisdiction over appellant and ordering him held for criminal proceedings with respect to the alleged killing of one Sueo Yoshikawa on April 9, 1966, which, if proved, would by murder in the first degree or murder in the second degree. This is an appeal from that order, which, in an earlier opinion, 50 Haw. 537, 444 P.2d 459, we held to be appealable.

At the time of the alleged killing, appellant was 17 years and 5 months old. Under R.L.H. 1955, § 333-1, the statute then in effect, appellant was not amenable to criminal process without the consent of the judge of the juvenile court.

Upon investigation of the alleged killing, and also of the alleged robbery committed at the same time, the Honolulu police department referred the robbery charge to the juvenile court on April 11, 1966, and referred the murder charge to the same court on April 22, 1966. Immediately upon reference of the robbery charge, the juvenile court appointed and provided counsel for appellant.

A probation counselor of the juvenile court conducted an extensive investigation, including questioning of appellant without the presence of counsel, and, on May 31, 1966, filed a petition in the juvenile court recommending waiver of juvenile court jurisdiction and consent to the institution of criminal proceedings against appellant.

At that time, R.L.H. 1955, § 331-1, as construed in *Re Castro*, 44 Haw. 455 (1960), did not require a hearing for juvenile court consent to criminal proceedings. However, the juvenile court held hearings on June 6, 1966, and on June 13, 1966, and, on June 14, 1966, it entered an order adjudicating appellant to be a delinquent child and a ward of the court; committing him to Koolau Boys' Home for the period of his minority, subject to release on parole only upon its specific approval; dismissing the probation counselor's petition filed on May 31, 1966; continuing the police referral of April 21 (sic), 1966, for disposition until further order, subject to action on the basis of reports received from the Hawaii Youth Correctional Facility or other sources; and scheduling the proceeding for review two years hence, unless sooner moved on by the court.

On July 1, 1966, the family court act, R.L.H. 1955, 1965 Supp., c. 333, went into effect, and, thereafter the family court exercised the functions previously exercised by the juvenile court.

On August 1, 1966, appellant escaped from Koolau Boys' Home with 10 other minors committed there, and, on September 2, 1966, the acting superintendent of Hawaii Youth Correctional

Facility filed a petition for transfer of appellant to Honolulu Jail for the balance of his minority on the ground, inter alia, that his continued detention at the facility was subversive to the order and discipline of the facility and would be injurious to the other inmates of the facility.

On September 21, 1966, a probation officer of the family court, being the same person who filed the petition of May 31, 1966, as probation counselor of the juvenile court, filed in the family court a petition recommending waiver of family court jurisdiction and binding over of appellant for criminal proceedings for the offense of murder in the first degree on the basis of existing evidence. The family court held a hearing on this petition on November 25, 28, 29, 30 and December 1, 1966. At the hearings, appellant was represented by Legal Aid Society attorneys, who had access to all of the family court files in the case, including the social record file.

The September 21, 1966, petition was based on R.L.H. 1955, 1965 Supp., § 333-13, which authorizes waiver of family court jurisdiction and binding over of a minor of appellant's age "after full investigation and hearing" when "the court finds that there is no evidence the * * * minor is committable to an institution for the mentally defective or retarded or the mentally ill, is not treatable in any available institution or facility within the State designed for the care and treatment of children, or that the safety of the community requires that the child or minor continue under restraint for a period extending beyond his minority."

At the close of the hearings, the family court excluded all police files, and also struck all statements in the probation officer's report which were based on the questioning of appellant, from the record in this case.

On May 29, 1967, the family court entered its order waiving its jurisdiction and ordering him held for criminal proceedings, upon reasons for findings and decision, 13 pages long, filed on the same day. The order was reaffirmed on August 22, 1967, upon the filing of a stipulation for waiver of hearing on appellant's petition for rehearing.

On March 21, 1966, the United States Supreme Court decided *Kent* v. *United States,* 383 U.S. 541. In that case, the court stated that it is "beyond dispute that waiver of jurisdiction is a 'critically important' action determining vitally important rights of the juvenile," and held that "there is no place in our system of law for reaching a result of such tremendous consequences without ceremony—without hearing, without effective assistance of counsel, without a statement of reasons."

Under the decision in *Kent* v. *United States,* the procedure described in *Re Castro, supra,* would be suspect.

But the procedure followed by the family court in this case complies in every respect with the standards laid down by the United States Supreme Court, and more. Appellant was provided with extensive formal hearings lasting five days and reported in 650 pages of transcript. Under *Kent,* a hearing may be informal. Appellant was also provided with effective assistance of counsel, who had access to all of the files. And the court filed detailed reasons for its findings and decision. Under *Kent,* a statement of reasons need not be formal or necessarily include conventional findings of fact.

Also, the family court, in addition to holding extensive hearings, complied with all other requirements of the applicable statute. It conducted a full investigation through its probation personnel. It made the findings required by the statute and those findings are sufficiently supported by evidence in the record, even after disregarding the police files and the statements of the probation officer based on the questioning of appellant.

Affirmed.

*Michael R. Sherwood,* Associate Counsel, Legal Aid Society of Hawaii (*Ronald Y. C. Yee,* General Counsel, with him on the briefs), for juvenile-appellant.

*William Yim,* Deputy Attorney General (*Bert T. Kobayashi,* Attorney General, and *Alana W. Lau,* Deputy Attorney General, on the brief), for State of Hawaii, petitioner-appellee.