a question of fact. (*Freet v. American Electrical Supply Co.*, 257 Ill. 248, 100 N.E. 933; I.L.P. *Agency* § 20.) Whether there was an agreement between defendant and the plaintiff releasing him of obligations under the employment contract was also a question of fact. (See *Rynearson v. Odin-Svenson Development Corp.*, 108 Ill.App.2d 125, 246 N.E.2d 823; *Swidler v. Litvin*, 107 Ill.App.2d 227, 246 N.E.2d 895; *Westlake Finance Co. v. Brown*, 112 Ill.App.2d 142, 251 N.E.2d 402.) These issues of fact were raised by the pleadings; they concerned matters which in law were defenses to plaintiff's cause of action. Therefore, it was error for the trial judge to sustain plaintiff's motion and enter judgment on the pleadings in its favor. (*In re Estate of Sullivan*, 5 Ill.App.3d 118, 283 N.E.2d 345; *Crane Paper Stock Co. v. Chicago & North Western Ry. Co.*, 86 Ill. App.2d 90, 230 N.E.2d 273.) The judgment is reversed and the cause is remanded with directions that plaintiff's motion for judgment on the pleadings be denied and the cause be set for further proceedings not inconsistent with the views expressed in this opinion.

Reversed and remanded with directions.

HAYES, P. J., and STAMOS, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* DARRELL McCANTS, Respondent-Appellant.

(No. 57268; )

First District (2nd Division)—January 16, 1974.

152

PER CURIAM.
DOWNING, J., took no part.

Paul Bradley, Deputy Defender, of Chicago (Robert E. Davison and P. Kay Adrian, Assistant Appellate Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis, Lee T. Hettinger, and Joseph O'Malley, Assistant State's Attorneys, of counsel), for the People.

Rose I. Telpner, Ex'trx of the Estate of Louis Telpner, Deceased, Plaintiff-Appellant, v. Robert Hogan, Defendant-Appellee.

(No. 57637;

First District (2nd Division)—January 16, 1974.