STATE OF HAWAII, Plaintiff-Appellee, *v.* WILLIAM JOSEPH BUFFALO, aka JOSEPH BUFFALO, aka JOEY, Defendant-Appellant

NO. 8763

(CRIMINAL NO. 6675)

DECEMBER 14, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY HEEN, J.

Defendant William Joseph Buffalo (Defendant) appeals from his conviction of the offense of being a felon in possession of a firearm, Hawaii Revised Statutes (HRS) § 134-7(b).[1] The dispositive issue on appeal is whether the trial court committed reversible error in admitting certain documentary evidence to prove Defendant's prior felony conviction. We answer yes and reverse.

Defendant was indicted for the offenses of robbery in the first degree, assault in the second degree and the instant offense of being a felon in possession of a firearm. The charges were severed and in a trial preceding the instant case, Defendant was found guilty of the first two charges. The jury trial in the instant case began on November 30, 1981.

During trial, the court, over Defendant's objection, admitted State's Exhibit 15 as evidence of his California felony conviction. Exhibit 15 consists of: (1) a cover sheet which purports to be an attestation and certification of the attached documents by the clerk of the Superior Court of the State of California in and for the County of Orange; (2) a copy of the

---

[1] We have stated the offense in the vernacular. At the time of the offense, HRS § 134-7(b) actually read as follows:

§ 134-7 Ownership or possession by fugitive from justice or by person convicted of certain crimes prohibited; penalty.

\* \* \*

second amended information charging Joseph William Buffalo with the wilful, unlawful and felonious killing of a human being in violation of § 187 of the California Penal Code; (3) a copy of the clerk's minutes of the arraignment hearing; (4) a copy of the clerk's minutes of the sentencing hearing; and (5) an Abstract of Judgment.

On December 3, 1981, the jury returned a guilty verdict. On December 8, Defendant filed a Renewed Motion for Judgment of Acquittal or for New Trial, which was denied on December 11.[2] Judgment was entered on January 13, 1982, and a notice of appeal was filed on January 21.

The indictment charged Defendant under HRS § 134-7(b) with having in his control or possession a .38 caliber revolver having previously been convicted of murder in the second degree with use of a firearm, a felony under California Penal Code § 187-12022.5. The State's burden was to prove that (1) Defendant had control or possession of the revolver and, (2) he had been convicted in California of the felony of second degree murder.

Where a prior conviction is an essential element of the offense charged, proof of the prior conviction is an exception to the general rule that evidence of the commission of other crimes is inadmissible. *See* Hawaii Rules of Evidence (HRE), Rule 404 (effective January 1, 1981); 29 Am. Jur. 2d *Evidence* §§ 320, 321 (1967). The prosecution must prove the prior conviction beyond a reasonable doubt, generally by the introduction of the record of conviction. *See* 3 C. Torcia, *Wharton's Criminal Evidence* § 653 (13th ed. 1973). A record of conviction is most often referred to as the verdict and the judgment or sentence. *Commonwealth v. Minnich,* 250 Pa. 363, 95 A. 565 (1915). It also has been characterized as being the actual judg-

---

(b) No person who has been convicted in this State or elsewhere, of having committed a felony, or of the illegal use, possession, or sale of any drug, shall own, or have in his possession, or under his control any firearm or ammunition therefor. The section was subsequently amended effective June 24, 1981, Act 239, 1981 Haw. Sess. Laws, and again in Act 140, 1982 Haw. Sess. Laws, effective May 28, 1982.

[2] No written order is on file.

ment of conviction or a certified copy of the judgment of conviction. *See Walker v. State,* 246 Ind. 386, 204 N.E.2d 850, *cert. denied,* 382 U.S. 991, 86 S. Ct. 569, 15 L.Ed.2d 478 (1965).

A long established rule of evidence is that a judgment or decree itself is the highest and best evidence of its content. *Young v. Foster,* 148 Ga. App. 737, 252 S.E.2d 680 (1979); *Lone Star Cement Corp. v. Rush,* 456 S.W.2d 547 (Tx. Civ. App. 1970). Consequently, the best evidence to prove a conviction is the judgment of conviction itself or a properly authenticated copy thereof. HRE, Rules 1002, 1003, and 1005; 29 Am. Jur. 2d *Evidence* § 480 (1967); 3 C. Torcia, *Wharton's Criminal Evidence* § 538 (13th ed. 1973). *Smothers v. State,* 39 Ala. App. 292, 98 So. 2d 66 (1957); *Walker v. State, supra; Commonwealth v. Strickland Transportation Corp.,* 30 Pa. Commw. 463, 373 A.2d 1188 (1977).

Additionally, authenticated copies must comply with the applicable rules and statutes regarding attestation and certification. *See* HRE, Rule 902; Hawaii Rules of Penal Procedure, Rule 27 (1977); Hawaii Rules of Civil Procedure, Rule 44 (1972, as amended). Where the party seeking to prove a prior conviction has failed to show the unavailability of the judgment or a certified copy thereof, other evidence of conviction would not be competent to prove such prior conviction beyond a reasonable doubt. *See* 3 C. Torcia, *Wharton's Criminal Evidence* §§ 538, 653 (13th ed. 1973). Where, however, the party seeking to prove the prior conviction shows that the judgment or certified copies of the judgment have been destroyed, lost, or are otherwise unobtainable by the exercise of reasonable diligence, secondary evidence of the content of the judgment would be admissible. *See* HRE, Rule 1005; 29 Am. Jur. 2d *Evidence* § 480 (1967).

In the instant case, Exhibit 15 did not contain a judgment of conviction but only a certified and attested "abstract of judgment." The abstract of judgment is a document used in California to inform its prison officials of a conviction and provides the authority for carrying the judgment and sentence into effect. *In re Black,* 66 Cal. 2d 881, 428 P.2d 293, 59 Cal. Rptr. 429 (1967); California Penal Code § 1213 (1982). In that respect it is similar to the mittimus issued by the circuit courts after a

sentence of imprisonment in this jurisdiction. It is merely a device by which the execution of the order of probation or judgment of imprisonment is carried out. It is not a judgment.[3] *People v. Prater,* 71 Cal. App. 3d 695, 139 Cal. Rptr. 566 (1977).

Furthermore, the State did not establish the requisite foundation for the introduction of secondary evidence. Therefore, the abstract of judgment in the instant case is not competent to prove the prior conviction[4] and is inadmissible.[5]

Admissibility of evidence at trial is within the discretion of the trial court and its exercise will not be reversed absent an abuse. *State v. O'Daniel,* 62 Haw. 518, 616 P.2d 1383 (1980). Although the trial court may have erred in admitting or excluding evidence, the reviewing court will not reverse that determination where on the record as a whole, the defendant has not been prejudiced. *State v. Rivera,* 62 Haw. 120, 612 P.2d 526 (1980). If there is a plethora of overwhelming and compelling evidence tending to show the defendant guilty beyond a reasonable doubt, errors in the admission or exclusion of evidence will be deemed harmless. *State v. Nakamura,* 65 Haw. 74, 648 P.2d 183 (1982).

In the instant case, our review of the record fails to reveal any overwhelming and compelling evidence tending to prove

---

[3] We note that prior to the Hawaii Rules of Evidence (HRE) becoming effective on January 1, 1981, in cases where it was necessary to prove a prior conviction, HRS § 622-21 permitted a party to introduce into evidence a certificate containing the substance and effect of the indictment, information, or presentment and conviction, if signed by the officer, or his deputy, having custody of the records of the court where the offender was convicted as sufficient proof of the conviction. Under that statute, an abstract of judgment would have been adequate to prove a prior conviction. However, the statute was repealed by the HRE. We do not read the HRE to allow the introduction of such secondary evidence without the proper foundational requirements. *See* HRE, Rules 1002, 1005.

[4] The other documents which comprise Exhibit 15 also do not satisfy the burden of proof required to show a prior conviction. All they indicate is that a person named Joseph William Buffalo was charged on an information and that the court clerk's minutes indicate that he was found guilty of second degree murder. Proof of an information is not proof of conviction and the clerk's minutes are not the best evidence of conviction.

[5] The prosecution argues that HRS § 706-666 does not require a judgment of conviction as proof of a prior conviction. Section 706-666 (1976, as amended) states:

Defendant guilty beyond a reasonable doubt,[6] and we find that the error in admitting the State's Exhibit 15 into evidence is not harmless.

In·view of our holding above, we decline to address the other issues raised by Defendant with the exception of the question regarding representation by counsel at the prior conviction.

Defendant claims the State failed to prove that he was represented by counsel or had waived such representation at the time of his prior conviction. We find this contention without merit. Although we do not decide whether a violation of § 134-7 requires the State to prove that a defendant was represented by counsel at the time of his prior conviction,[7] we find the record in this case indicates sufficient evidence of such representation. The certified copies of the minutes of the arraign-

---

Definition of proof of conviction. (1) An adjudication by a court of competent jurisdiction that the defendant committed a crime constitutes a conviction for purposes of sections 706-606.5, 706-662, and 706-665, although sentence or the execution thereof was suspended, provided that the defendant was not pardoned on the ground of innocence.

(2) Prior conviction may be proved by any evidence, including fingerprint records made in connection with arrest, conviction, or imprisonment, that reasonably satisfies the court that the defendant was convicted.

However, by its own terms § 706-666 is applicable only to §§ 706-606.5, 706-662, and 706-665, relating to sentencing of repeat offenders, imposition of extended terms of imprisonment, and proof of conviction in other states for purposes of sentencing, respectively. There is nothing in the language of HRS § 706-666 which would permit this court to extend its provisions to allow proof of an essential element of the offense charged under HRS § 134-7 by "any evidence . . . that reasonably satisfies the court that the defendant was convicted."

[6] The only other evidence that was introduced bearing on the prior conviction was the testimony of Wendell Cabanas, a parole officer with the Hawaii Paroling Authority. Cabanas testified that Defendant had been convicted of murder in the second degree using a firearm. Cabanas' testimony also fails to satisfy the best evidence rule regarding the proof of a prior conviction. *Cf. Smothers v. State, supra.* This evidence is clearly insufficient to sustain the conviction of Defendant.

[7] The only cases in this jurisdiction which have required that proof of representation of counsel or adequate waiver of counsel at the time of a prior conviction have involved recidivist statutes. *See State v. Morishige,* 65 Haw. 354, 652 P.2d 1119 (1982); *State v. Caldeira,* 61 Haw. 285, 602 P.2d 930 (1979); *State v. Afong,* 61 Haw. 281, 602 P.2d 927 (1979); *State v. Freitas, supra; State v. Kamae,* 56 Haw. 628, 548 P.2d 632 (1976). *See also Burgett v. Texas,* 389 U.S. 109, 88 S. Ct. 258, 19 L.Ed.2d 319 (1967). There have been no cases which have interpreted § 134-7 as having the same requirements as a recidivist statute.

ment and sentencing hearings were introduced into evidence and were competent to prove the prior representation, *see State v. Freitas,* 61 Haw. 262, 602 P.2d 914 (1979), although the abstract of judgment was not proper proof of the conviction itself.

Reversed and remanded for new trial.

*Gerard D. Lee Loy,* Deputy Public Defender, (*Robert B. Tully,* Deputy Public Defender, on the opening brief) for defendant-appellant.

*Charlene Y. Iboshi,* Deputy Prosecuting Attorney, County of Hawaii, (*Morris K. Miyasaki,* Deputy Prosecuting Attorney, on the answering brief) for plaintiff-appellee.