STATE OF HAWAII, Plaintiff–Appellee, v. RICHARD CHARLES ELINE, Defendant–Appellant (Cr. No. C–88–1551, Case #31A)

NO. 13313

AND

STATE OF HAWAII, Plaintiff–Appellee, v. BRUCE MARA, Defendant–Appellant (Cr. No. C88–1034, Case #47A)

NO. 13314

SEPTEMBER 6, 1989

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

598

OPINION OF THE COURT BY NAKAMURA, J.

A dispositional alternative available to the court in sentencing a person convicted of a misdemeanor or petty misdemeanor is a suspended sentence. The issues raised by the appellants in these consolidated appeals from the District Court of the First Circuit are whether conditions may be attached to the suspension of a sentence and whether the suspension may be revoked summarily. We conclude from a review of relevant statutory provisions and constitutional precepts that a sentence may be suspended upon condition that the defendant does not commit another offense during the term of suspension and there must be a hearing before the sentence is revoked.

I.

A.

On February 17, 1988 the district court, upon a plea of guilty entered by Richard C. Eline, adjudged him guilty of engaging in disorderly conduct and sentenced him to imprisonment for thirty days. The execution of the sentence, however, was suspended for six months on condition that he "remain arrest and conviction free" and perform twenty hours of community service during the suspension period. And the case was continued to July 15, 1988 for "proof of compliance" with the conditions.

But the prosecution moved on May 17, 1988 to have the sentence revoked on the ground that Eline "failed to comply with the terms and

conditions of his suspended sentence." The affidavit supporting the motion, that of a probation officer, reiterated the conditions for suspension imposed by the district court and averred Eline "is said to have violated" them by failing to perform community service. An unsworn document also attached to the motion, the report of a Community Service Sentencing Program (CSSP) case worker, indicated the defendant "did not report to CSSP for initial screening/placement interview."

The motion was served upon the defendant when he appeared for "proof of compliance" on July 15, 1988. The district court questioned him about compliance with the condition requiring community service work. When the defendant responded he had not complied with the condition, the court revoked the suspended sentence and directed that a mittimus for his imprisonment be issued. The defendant's counsel, who appeared later, unsuccessfully sought a reconsideration of the revocation.

### B.

The district court on January 29, 1988 adjudged Bruce Mara guilty of two offenses upon his pleas of guilty. The court imposed a fine of twenty–five dollars for the first offense, a violation of HRS § 291–3.3 prohibiting the storage of an opened container containing intoxicating liquor in a motor vehicle. It sentenced the defendant to imprisonment for thirty days for the other offense, criminal contempt of court. The execution of the jail sentence, however, was suspended for six months on condition that the defendant pay a fine of twenty–five dollars and "remain arrest and conviction free" for six months. The court then continued the case to July 15, 1988 for "proof of compliance."

When the defendant and his counsel appeared in court on July 15, 1988, they were served with a Motion to Revoke Suspension that had been filed by the prosecutor on the preceding day. The affidavit of a probation officer was attached to the motion; it stated the defendant had "not remained arrest and conviction free" and contained a resume of the defendant's arrest and conviction record for the period between March and June of 1988. The resume indicated the defendant had been charged with several yet untried vehicular offenses and had been charged with and convicted of disorderly conduct.

Upon being served, counsel moved for a continuance of the hearing. The court denied the request, indicating it was "not going to hear the mo-

tion" for revocation but was "going to rule on the failure to comply and order one month jail." Counsel protested, but to no avail; the court's response was: "Sentence was already imposed and [the defendant] hasn't complied."

## II.

Calling our attention to the command of HRS § 706–600 that "[n]o sentence shall be imposed otherwise than in accordance with [HRS chapter 706,]" the appellants argue the conditions imposed upon them were illegal to begin with. "Chapter 706," they maintain, "nowhere provides for suspended sentence upon compliance with court ordered conditions and does not provide for the revocation of a suspended sentence." We begin our consideration of this claim with a review of the sentencing alternatives authorized by chapter 706.

The dispositional alternatives available to a court are delineated in HRS § 706–605. Probation, fine, imprisonment, restitution, community service, or a combination of the foregoing alternatives are authorized under the first subsection thereof. HRS § 706–605(1). If the court chooses to place the convicted person on probation, it is obliged to impose a number of explicit conditions, the first of which is "[t]hat the defendant not commit another federal or state crime during the term of probation." HRS § 706–624. And the court is vested with discretion to impose other conditions, including imprisonment, community service, fine, and restitution, consistent with the objectives of criminal sentencing. *Id.*

"In addition to any disposition authorized in subsection (1) of [HRS § 706–605], the court may sentence a person convicted of a misdemeanor or petty misdemeanor to a suspended sentence." HRS § 706–605(3). There is nothing in chapter 706 that expressly obliges or authorizes a court in its discretion to attach conditions to the suspension of a sentence. It is fundamental, of course, "that the starting point for interpreting a statute is the language of the statute itself." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980). "Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Id.; see also In re Tax Appeal of Queen's Medical Center*, 66 Haw. 318, 324, 661 P.2d 1201, 1205 (1983). But we are not convinced that a suspended sentence must be unconditional as urged by the appellants.

Before the enactment of Hawaii Session Laws 1986 (1986 Haw. Sess. Laws), Act 314, the Penal Code's sentencing scheme rested on a premise that the object of sentencing was the rehabilitation of offenders. *See* House Conf. Comm. Rep. No. 51–86, in 1986 House Journal, at 938. Act 314 represented a drastic shift from the foregoing approach to a "just punishment" model. *Id.* Where the policy was not to sentence an offender to prison unless imprisonment was demonstrably necessary, *see* HRS § 706–620 (1985) (amended 1988), the Code now mandates that

> [t]he court, in determining the particular sentence to be imposed, shall consider:
>
> (1)    The nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)    The need for the sentence imposed:
>
>     (a)    To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;
>
>     (b)    To afford adequate deterrence to criminal conduct;
>
>     (c)    To protect the public from further crimes of the defendant; and
>
>     (d)    To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3)    The kinds of sentences available; and
>
> (4)    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

HRS § 706–606 (Supp. 1988).

Thus, every sentence must now be tailored to at least "provide just punishment for the offense" and "afford adequate deterrence to criminal conduct." House Conf. Comm. Rep. No. 51–86, *supra*. This clearly expressed legislative policy precludes the literal application of chapter 706 urged by the appellants. Reading HRS § 706–605(3) within the context of chapter 706 and construing the subsection in a manner consistent with the chapter's purpose and policy, as we must, *State v. Tengan*, 67 Haw. 451, 458, 691 P.2d 365, 370 (1984), we conclude the subsection renders it obligatory on the court choosing the dispositional alternative of a sus-

pended sentence to impose a sentence and suspend its execution on condition that the defendant does not commit another offense during the term of suspension. Otherwise, the sentence would neither provide punishment nor afford deterrence.

But we do not read HRS § 706–605(3) as permitting the attachment of other conditions to a suspended sentence. If the subsection is construed to permit the imposition of other conditions, a suspended sentence would be well nigh indistinguishable from probation. Yet each is a distinct alternative in the Penal Code's sentencing scheme. To begin with, defendants convicted of felonies, misdemeanors, and petty misdemeanors can be placed on probation, *see* HRS § 706–605(1), but only those convicted of misdemeanors and petty misdemeanors can have their sentences suspended. *See* HRS § 706–605(3). And as we noted, probation may be combined with fine, imprisonment, restitution, or community service as a sentencing alternative, but there is no provision in HRS § 706–605(3) authorizing the combination of a suspended sentence with any other alternative. If the sentencing court believes a suspended sentence does not "provide just punishment for the offense" and "afford adequate deterrence to criminal conduct" without other conditions, it should place the convicted offender on probation.

### III.

Having decided that a suspended sentence may only be conditioned upon the offender's remaining free of further convictions, we turn to the appellants' claim of a denial of due process when their suspended sentences were revoked. We begin our consideration of the claim with the proposition that "[w]hether any procedural protections are due depends on the extent to which an individual will be 'condemned to suffer grievous loss.'" *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) (quoting *Joint Anti–Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 168 (1951) (Frankfurter, J., concurring)).

An individual subject to a suspended sentence of course does not enjoy "the absolute liberty" others do; he is only entitled to a "conditional liberty properly dependent on observance of special . . . restrictions." *Id.* at 480. That the deprivation of liberty, restricted though it may be, inflicts a grievous loss on the individual goes without saying. Thus, procedural

protections are due when the State seeks to terminate his liberty by revoking his suspended sentence. *Id.* at 481.

Due process, however, is a flexible concept, and "not all situations calling for procedural safeguards call for the same kind of procedure." *Id.* at 481. A proceeding whereby the State seeks to revoke a suspended sentence "is not part of a criminal prosecution and thus the full panoply of rights due a defendant [there] does not apply" to the revocation. *Id.* at 480. A "simple factual hearing" should suffice whether the State moves to terminate the convicted offender's liberty before the term of suspension expires or whether the sentencing court schedules his case for "proof of compliance" near the end of the term. *Id.* at 483.

A suspended sentence being revocable upon a showing of another conviction, nothing more than the introduction of a properly authenticated copy of a judgment of conviction would be required for revocation. *See State v. Buffalo*, 4 Haw. App. 646, 649, 674 P.2d 1014, 1017 (1983); Hawaii Rules of Evidence (Haw. R. Evid.) 1002, 1003, and 1004. And if the judgment of conviction was entered in the court itself, "the practice of taking judicial notice of a court's own records in an interrelated proceeding where the parties are the same[]" has been validated. *State v. Akana*, 68 Haw. 164, 165, 706 P.2d 1300, 1302 (1985) (citation omitted); Haw. R. Evid. 201.

Since unauthorized conditions were attached to the suspended sentences and the requirements of due process were not met in their revocation, we remand both cases to the district court with instructions to recall the mittimuses and correct the sentences.

*Richard W. Pollack*, Public Defender, (*Peter England Roberts*, Deputy Public Defender, on the briefs) for appellants.

*Patricia Loo Goodness*, Deputy Prosecuting Attorney, for appellee.