**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000944
25-JUL-2023
07:50 AM
Dkt. 45 MO**

NO. CAAP-18-0000944

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE INTEREST OF BM

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-J NO. 0108787)

MEMORANDUM OPINION
(By: Ginoza, C.J., and Hiraoka and Wadsworth, JJ.)

Minor-Appellant BM appeals from the "Order Denying Motion to Reconsider the September 25, 2018 Order Rescinding [BM]'s Dismissal in the Interest of Justice Filed October 31, 2018" (**Order Denying Reconsideration**), entered on November 13, 2018, in the Family Court of the First Circuit (**Family Court**).[1] BM contends that "[t]he [F]amily [C]ourt erred in rescinding BM's dismissal in the interest of justice without adequate notice, without a hearing, without the opportunity to present evidence and without the opportunity to cross-examine and confront adverse witnesses in violation of his constitutionally protected rights."

For the reasons explained below, we vacate the Order Denying Reconsideration and remand to the Family Court with instructions.

_____

[1] The Honorable Bode A. Uale presided.

## I. Background

On October 5, 2017, Petitioner-Appellee State of Hawaiʻi (**State**) filed a petition alleging that BM had violated or attempted to violate the law in the following manner:

> On or about September 2, 2015, in the City and County of Honolulu, State of Hawaiʻi, except in the execution of a public duty or as authorized by law, [BM] did intentionally or knowingly install or use, or both, in any private place, without consent of the person or persons entitled to privacy therein, any device for observing, recording, amplifying, and/or broadcasting another person in a stage of undress or sexual activity in that place, thereby committing the offense of Violation of Privacy in the First Degree, in violation of Section 711-1110.9(1)(a) of the Hawaiʻi Revised Statutes.

At a January 25, 2018 hearing, BM entered an admission to the petition. Following a colloquy with BM, the Family Court accepted BM's admission and adjudicated him a law violator under Hawaii Revised Statutes (**HRS**) § 571-11(1) (2018).[2] Court Officer Heather Hahn (**Hahn**) requested that the court extend jurisdiction over BM, order him to write an apology letter within 21 days and complete thirty hours of community service within sixty days, and enter a dismissal in the interest of justice (**DIJ**) upon completion of these requirements. BM's counsel "concurr[ed] with . . . the recommendations" and "ask[ed] . . . at the conclusion of BM completing these requirements that the DIJ . . . be granted . . . ." Over the State's objection, the Family Court granted the DIJ motion on the conditions that BM submit the apology letter, complete the community service, and "stay out of any trouble."

---

[2] HRS § 571-11 provides, in relevant part:

> Except as otherwise provided in this chapter, the court shall have exclusive original jurisdiction in proceedings:
>
> (1) Concerning any person who is alleged to have committed an act prior to achieving eighteen years of age that would constitute a violation or attempted violation of any federal, state, or local law or county ordinance. Regardless of where the violation occurred, jurisdiction may be taken by the court of the circuit where the person resides, is living, or is found, or in which the offense is alleged to have occurred[.]

On the same date, the Family Court also entered the "Decree Re: Law Violation Petition(s)" (**Decree**). The Decree stated:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED:
>
> 1. Jurisdiction over [BM] is hereby extended for purposes of compliance with all court orders.
>
> 2. [BM] shall perform 30 hour(s) of community service within 60 days of assignment.
>
> 3. [BM] shall write a letter of apology to the victim and submit it to the court officer within 21 days of this hearing.
>
> 4. Over State's objections, the Defense's oral motion for dismissal in the interest of justice is granted on the condition that [BM] complies with all court orders and remains arrest and conviction free for a period of six (6) months.
>
> 5. The Arraignment and Plea set for April 4, 2018 at 1:30 p.m. is hereby set aside.

On September 25, 2018, the Family Court entered an "Ex Parte Motion; Order." It stated in part:

> In the best interest of the State and the welfare of the minor, the probation officer moves as follows without hearing:
>
> [x]  The minor be counseled by an officer of the Family Court and released from the Court's jurisdiction.
>
> . . . .
>
> [x]  All other outstanding orders are revoked.
>
> . . . .

A box next to the word "Other" is also marked with an "x," followed by the handwritten entry, "The DIJ is re[s]cinded," and what appear to be the initials of the Family Court judge, "BAU." A box next to the phrase "EX PARTE MOTION GRANTED AND SO ORDERED" is checked, followed by the signature of the Family Court judge. There is no indication in the record as to whether or when the Ex Parte Motion; Order was served on BM, but his counsel later stated that he (counsel) received a copy on October 22, 2018.

On October 31, 2018, BM filed a "Motion to Reconsider the September 25, 2018 Order Rescinding [BM's] Dismissal in the

3

Interest of Justice" (**Motion for Reconsideration** or **Motion**).[3] A Declaration of Counsel supporting the Motion stated in part: "There was no hearing scheduled to rescind [BM's] DIJ. [BM] had no notice. [BM] had no opportunity to present witnesses. [BM] had no opportunity to confront and cross-examine any adverse witnesses." Counsel "request[ed] that a hearing date be set on this Motion." The memorandum supporting the Motion asserted that "[w]ithout a hearing, notice, and an opportunity to be heard, the Family Court denied [BM] the due process of law guaranteed him by article I, section 5 of the Hawaiʻi State Constitution and the Fourteenth Amendment to the United States Constitution as well as [HRS] § 571-50."

Thereafter, the Family Court set a hearing for November 13, 2018. BM's counsel appeared at the hearing, but BM was not present. BM's counsel stated in part:

> Your Honor, I understand basically we set this hearing basically because there was an ex-parte motion filed to rescind the granting of a DIJ.
>
> . . . .
>
> . . . [T]he issue on our end basically was that we wanted to have a hearing on that issue. I also don't think that the ex-parte motion specified what conditions weren't complied with by [BM]. So that was the issue.
>
> In terms of him not being here, I apologize, Your Honor. I'm not sure where he is this morning. I . . . would ask that, . . . depending on the court's preference if you want to deny without prejudice or if you would permit a continuance, we would attempt to locate [BM] and have him present at the next court date.

The Family Court then said, "I don't think so. . . . He should be here." The Family Court asked, "What didn't he comply with?" Court Officer Jo Guerrero responded: "He didn't do his community service." BM's counsel then stated:

---

[3] Under HRS § 571-54 (2018), BM was required to file a motion for reconsideration in order to appeal from the Ex Parte Motion; Order. See In re Doe Children, 94 Hawaiʻi 485, 486, 17 P.3d 217, 218 (2001) (citing In re Doe, 3 Haw. App. 391, 394, 651 P.2d 492, 494 (1982)). The motion for reconsideration was due within twenty days of the September 25, 2018 Ex Parte Motion; Order. See HRS § 571-54. However, BM's counsel claimed he did not receive the Ex Parte Motion; Order until October 22, 2018.

4

> And . . . that might be the case, Your Honor. Um, the issue is at this point he's just walking around thinking he had a DIJ granted. I never had basically a hearing to address that issue where the court instructed him that because you didn't comply with this, your DIJ is going away.
>
> . . . .
>
> . . . And also in the ex-parte motion it didn't specify, so on our end we just didn't have any idea --

The Family Court denied the Motion for Reconsideration with prejudice and entered the Order Denying Reconsideration. This appeal followed.

## II. Discussion

BM contends that his constitutional rights to due process were violated when the Family Court rescinded the DIJ without adequate notice and an opportunity to be heard. Specifically, BM argues:

> [D]ue process entitled BM to adequate and advanced written notice of the hearing which includes the "specific charge or factual allegations to be considered at the hearing." In re Gault, 387 U.S. 1, 50, 87 S. Ct. 1428 (1967). BM was also entitled to a hearing in which he could have presented evidence and confronted and cross-examined witnesses. Because there was no hearing, BM was improperly denied the opportunity to challenge the accusation. Gault, 387 U.S. at 89-90, 87 S. Ct. 1428.

(Original brackets omitted.)

"The Hawaiʻi Supreme Court has long recognized that youthful offenders are protected by the United States and Hawaiʻi Constitutions at all stages of family court proceedings." In re TC, 121 Hawaiʻi 92, 99, 214 P.3d 1082, 1089 (App. 2009) (citing In re Doe, 62 Haw. 70, 72, 610 P.2d 509, 511 (1980)). "However, the supreme court has rejected requests to mandate strict adherence to adult criminal procedures in juvenile proceedings." Id. (citing Doe, 62 Haw. at 72, 610 P.2d at 511); see also Doe, 62 Haw. at 73, 610 P.2d at 511 (recognizing that the United States Supreme Court "has not chosen to mechanically transfer all procedural safeguards afforded criminal defendants under the Fourteenth Amendment to juvenile offenders.").

5

It appears that Hawaiʻi appellate courts have not addressed what due process requires when the family court in an HRS § 571-11(1) proceeding rescinds a conditional DIJ. However, in the probation revocation context, the Hawaiʻi Supreme Court has ruled that "[d]ue process requires that a youthful offender whose substantial rights would be affected by a family court order revoking probation and terminating the stay of a mittimus be furnished with due notice of the contemplated action, as well as a hearing." 62 Haw. at 71, 74, 610 P.2d at 510, 512 (reviewing an appeal from a "family court order revoking [the] juvenile appellant's probation and committing her to the Hawaii Youth Correctional Facility for the period of her minority"). We thus conclude that it is appropriate to analyze BM's due process claim under the framework established by the Hawaiʻi Supreme Court:

> Under the Hawaiʻi Constitution, we conduct a two-step inquiry in analyzing procedural due process claims. We first consider whether a liberty or property interest has been interfered with by the State, and second, we determine what specific procedures are required to satisfy due process.

A.A. v. B.B., 139 Hawaiʻi 102, 109, 384 P.3d 878, 885 (2016) (citing State v. Guidry, 105 Hawaiʻi 222, 227, 96 P.3d 242, 247 (2004)).

## A. Liberty Interest

"Due process . . . is relevant only if liberty or property is deprived." State v. Bani, 97 Hawaiʻi 285, 293, 36 P.3d 1255, 1263 (2001) (quoting In re Herrick, 82 Hawaiʻi 329, 342-43, 922 P.2d 942, 955-56 (1996)). Here, BM argues:

> A liberty interest was certainly implicated in the instant case. BM, as a juvenile offender, may not have enjoyed all of the same liberties as adult offenders, however, he was entitled to "conditional liberty properly dependent on the observation of the special . . . restrictions." State v. Eline, 70 Haw. 597, 603, 778 P.2d 716, 720[ (1989)] (citing Morrissey[ v. Brewer], 408 U.S. [471,] 480, 92 S. Ct. 2593[ (1972)]); HRS § 571-11(1).
>
> The liberty of a juvenile offender enables him or her to a wide range of entitlements open to an individual who had never been adjudicated of any criminal offense. . . . BM relied on the family court's order that he would be

subject to sanctions if he failed to abide by the family court order.  Finally, upon a violation of the family court order, BM would be subject to adjudication and disposition.

The State responds:  "The liberty interest of the appellants in Eline was to avoid being imprisoned, however, Minor BM does not claim a similar liberty interest, and as such, the holding appears to be inapposite to the resolution of the allegation of error in this appeal."

In Eline, the supreme court ruled that due process requires a "simple factual hearing" before a suspended sentence may be revoked for failure to comply with the attached condition that the defendant not commit another offense during the term of suspension.  70 Haw. at 603, 778 P.2d at 720.  Addressing whether such revocation denied a liberty interest, the court stated:

> An individual subject to a suspended sentence of course does not enjoy "the absolute liberty" others do; he is only entitled to a "conditional liberty properly dependent on observance of special . . . restrictions." [Morrissey], 408 U.S. at 480, 92 S. Ct. at 2600.  That the deprivation of liberty, restricted though it may be, inflicts a grievous loss on the individual goes without saying.  Thus, procedural protections are due when the State seeks to terminate his liberty by revoking his suspended sentence.  Id. at 481, 92 S. Ct. at 2600.

Id.

Although Eline is not directly on point, we conclude that the Family Court's rescission of the DIJ in these circumstances implicated a protected liberty interest held by BM, because rescission of the DIJ meant that dismissal of the State's petition against BM was rescinded.  See, e.g., In re Edwin L, 671 N.E.2d 1247, 1250-51 (N.Y. 1996) (ruling that the liberty interest of a juvenile who has received an adjournment in contemplation of dismissal (ACD) under New York law, which suspends proceedings against the juvenile subject to certain conditions, is distinguishable from the conditional liberty interest of a parolee or probationer, but the juvenile still holds "an attenuated liberty interest in the least restrictive dispositional order" upon the vacatur of the ADC order); In re C.Y., 466 A.2d 421, 426-27 (D.C. 1983) (ruling that the rescission of a consent decree, under which charges against a

7

juvenile were to be dismissed if certain conditions were met, and the reinstatement of the underlying petition pursuant to D.C. statute, implicated a liberty interest protected by the due process clause of the fifth amendment).

## B.  Requirements of Due Process

The supreme court has repeatedly recognized that "due process is flexible and calls for such procedural protections as the particular situation demands."  Bani, 97 Hawaiʻi at 296, 36 P.3d at 1266 (quoting Korean Buddhist Dae Won Sa Temple v. Sullivan, 87 Hawaiʻi 217, 243, 953 P.2d 1315, 1341 (1998)).  To determine the appropriate process in a given case, we must balance the following factors (the Mathews factors):

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Bani, 97 Hawaiʻi at 296-97, 36 P.3d at 1266-67 (quoting Zinermon v. Burch, 494 U.S. 113, 127 (1990) (quoting Mathews v. Eldridge, 424 U.S. 319, 335 (1976))).

Applying the Mathews factors here, first, we have ruled that the Family Court's rescission of the DIJ in these circumstances implicated a protected liberty interest held by BM.  See supra.

Second, the procedure used to rescind the DIJ, namely, entry of the Ex Parte Motion; Order, which did not provide BM with any notice of the reason for the rescission, is insufficient in light of the risk of an erroneous deprivation of BM's liberty interest.  Indeed, it appears that the reason for the DIJ rescission only came to light during the post-order hearing on the Motion for Reconsideration.  The failure of the State to provide BM fair notice of the reason for the DIJ rescission in these circumstances denied him a meaningful opportunity to

challenge that reason.[4/]  Accordingly, the procedure that the State used presented a high risk of an erroneous deprivation of BM's protected liberty interest.

Third, BM asserts, and the State agrees, that "[t]he State has an interest in appropriately addressing the needs of the juvenile without the burden of an adversary hearing to determine whether the juvenile violated a condition of the family court."  However, the supreme court has also made clear that the State has an interest in "investing relevant juvenile proceedings with due process within a humanitarian system where rehabilitation is unquestionably the primary goal," and in "maintain[ing] standards consistent with fundamental fairness." Doe, 62 Haw. at 73, 610 P.2d at 511–12; See C.Y., 466 A.2d at 428 ("In all of this, the government has an interest in being fair. Society will benefit nothing by reinstating the original petition based upon erroneous information of an alleged breach of the decree conditions or the erroneous filing of a new petition. Indeed, fair treatment of the juvenile 'will enhance the chance of rehabilitation by avoiding reactions to arbitrariness.'" (quoting Morrissey, 408 U.S. at 484)).

On this record, we conclude that at a minimum, due process required fair notice to BM of the reason for the DIJ rescission.  BM was thus denied due process when the State failed to provide such notice even upon entry of the Ex Parte Motion; Order.[5/]  Accordingly, the Family Court erred in entering the Order Denying Reconsideration.

### III. Conclusion

For the reasons discussed above, we vacate the "Order Denying Motion to Reconsider the September 25, 2018 Order

---

[4/]    We recognize that BM failed to appear for the November 13, 2018 hearing.  However, given due process concerns, he should have had notice of the basis for the DIJ rescission prior to the hearing in order to have a meaningful opportunity to contest the rescission at that hearing.

[5/]    Given our conclusion, we do not reach BM's contention that he was also denied his constitutional rights when the Family Court rescinded the DIJ without prior notice to BM and without a pre-decision hearing in which BM had an opportunity to present evidence and to confront and cross-examine adverse witnesses.

Rescinding [BM]'s Dismissal in the Interest of Justice Filed October 31, 2018," entered on November 13, 2018, in the Family Court of the First Circuit.  We remand the case to the Family Court with instructions to vacate that part of the September 25, 2018 "Ex Parte Motion; Order" that rescinds the dismissal in the interest of justice of the October 5, 2017 "Petition by Deputy Prosecuting Attorney," and for further proceedings consistent with this Memorandum Opinion.

DATED:  Honolulu, Hawaiʻi, July 25, 2023.


On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
for Minor-Appellant

Donn Fudo,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Petitioner-Appellee

/s/ Lisa M. Ginoza
Chief Judge


/s/ Keith K. Hiraoka
Associate Judge


/s/ Clyde J. Wadsworth
Associate Judge